**DONGTIAN JI, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–70404.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2011.*

Filed Jan. 25, 2011.

Pujie Zheng, Esquire, Law Offices of Pujie Zheng, Alhambra, CA, for Petitioner.

Edward Earl Wiggers, Esquire, John Hogan, Senior Litigation Counsel, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Dongtian Ji, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006), and we deny the petition for review.

Ji did not allege he experienced past persecution. Ji testified he feared being "blacklisted" in China based on his former newspaper business in Hungary, which would ruin his business and result in cancellation of his passport. Substantial evidence supports the BIA's finding that, even if he were eligible for asylum, Ji failed to establish a well-founded fear of future persecution in China because he testified he sold his newspaper business and he was able to successfully renew his passport. *See Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir.2003) (petitioner's future fear was not objectively reasonable because it was too speculative). Accordingly, Ji's asylum claim fails.

Because Ji has failed to meet the lower standard of proof for asylum, his claim for withholding of removal necessarily fails. *See Zehatye,* 453 F.3d at 1190.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).